# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **OHIO HOSPITAL INSURANCE COMPANY,** | ) CASE NO. 1:05CV151 |
| Plaintiff, | ) |
| | ) **Judge John M. Manos** |
| vs. | ) |
| **CNA FINANCIAL CORPORATION, et al.,** | ) |
| Defendants. | ) **MEMORANDUM OF OPINION** |

On March 25, 2005, CNA Financial Corporation ("CNA") and American Casualty Company of Reading, PA ("American Casualty") (collectively, "Defendants") filed a Motion to Dismiss. (Docket No. 11.) On April 22, 2005, Ohio Hospital Insurance Company ("OHIC") filed a brief in opposition. (Docket No. 15.) On May 9, 2005, the Defendants filed a reply. (Docket No. 43.)

All issues have been fully-briefed and the matter is ripe for adjudication. For the following reasons, the Defendants' Motion to Dismiss is **GRANTED**.

## I. FACTUAL BACKGROUND

OHIC is an insurance company licensed to issue policies of insurance in the State of Ohio. On November 1, 1999, it issued a policy to Ashtabula County Medical Center ("ACMC"). On behalf of ACMC and pursuant to a settlement agreement dated November 21, 2002, it paid Matthew, Sara, Jacob, and Robin McKee (the "Mckees") the sum of $6,250,000.00. The Mckees had filed suit against ACMC alleging that it and some of its employees, namely, Nurse Denise Wadowick, engaged in negligent conduct. The settlement agreement explicitly reserved the right for OHIC to seek contribution from Nurse Wadowick's insurer:

> The OHIC Insurance Company is the liability insurer of Ashtabula County Medical Center and certain of the Defendants. The primary liability insurer and/or excess liability insurer of Denise Wadowick is American Casualty of Redding, P.A. and/or CNA (bother referred to as "CNA"). It is the intent of this Settlement Agreement that CNA shall not be covered by the Settlement Agreement for any future claims by any of the Defendants against Denise Wadowick for indemnity or contribution.

(Plaintiff's Ex. 4, at 2.) However, Nurse Wadowick was not a party in that case.

On June 28, 1999, the Defendants issued an insurance policy to Nurse Wadowick providing her with coverage for negligence, professional negligence, and/or malpractice. Pursuant to the underlying settlement, OHIC is seeking indemnity, equitable subrogation, and contribution in the amount of $1,000,000. The Defendants argue that because Nurse Wadowick was neither a party in the underlying lawsuit nor to the present lawsuit, she has no legal obligation to pay and thus, her insurance company has no legal obligation to indemnify.[1]

---

[1] Because American Casualty, a subsidiary of CNA, issued the policy to Nurse Wadowick, there is a question as to whether CNA is even an appropriate party in this case. Given that the Court ultimately concludes that OHIC does not state a claim upon

## II. LEGAL STANDARD

The Defendants move to dismiss the complaint on the ground that it does not state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the allegations are taken as true and viewed in the light most favorable to the non-movant. A claim will not be dismissed "unless it appears beyond a reasonable doubt that the [non-movant] can prove no set of facts to support his claim which would entitle him to relief." Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994); see also Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990).

The claim need only give fair notice as to the claim and the grounds upon which it rests. In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). Conclusory allegations however, are not sufficient to state a claim. Rather, a claim must set forth specific facts, which, if proved, would warrant the relief sought. Sisk v. Levings, 868 F.2d 159, 161 (5th Cir. 1989). In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation. Papasan v. Allain, 478 U.S. 265, 286 (1986); Montgomery v. Huntington Bank, 346 F.3d 693, 697 (6th Cir. 2003). A court likewise need not accept unwarranted factual inferences. Montgomery, 346 F.3d at 697 (citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)).

## III. LAW AND ANALYSIS

The Defendants argue that OHIC has not alleged sufficient facts that would trigger a duty to indemnify Nurse Wadowick under her insurance policy. The Court agrees. Under Ohio law, a court

---

which relief can be granted, the Court need not address this issue.

must give plain language in an insurance contract its "ordinary meaning." Miller v. Marrocco, 28 Ohio St. 3d 438, 439 (1986). "An exclusion for liability must be clear and exact in order to be given effect." Lane v. Grange Mut. Cos. 45 Ohio St. 3d 63, 65 (1989). "Only where a contract of insurance is ambiguous and therefore susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks coverage." United States Fire Ins. Co. v. Ohio High Sch. Athletic Ass'n, 71 Ohio App. 3d 760, 764 (1991) (quoting Burris v. Grange Mut. Cos., 46 Ohio St. 3d 84, 89 (1989)).

Here, the Defendants' obligation to provide indemnity under Nurse Wadowick's policy is triggered only when she is "legally obligated to pay." (Plaintiff's Ex. 2, at 9.) Because Nurse Wadowick was neither a party in the underlying lawsuit nor a party to the present lawsuit, she has no legal obligation to pay for any part of the underlying settlement. Accordingly, pursuant to the plain and unambiguous language of the insurance policy, the Defendants have no duty to indemnify and OHIC's claim for contribution is without merit.

OHIC's citation to Travelers Indem. Co. v. American Cas. Co. of Reading, PA, Cook County Circuit Court of Appeals, Case No. 1-02-2014 (Mar. 5, 2003) and Aetna Cas. & Surety Co. v. Buckeye Union Cas. Co., 157 Ohio St. 385 (1952) are unavailing because in both cases, unlike the situation here, the insured was actually named in the underlying lawsuit.

OHIC's citation to MetroHealth Med. Center v. Hoffmann-LaRoche, Inc. 80 Ohio St.3d 212 (1997) is equally unavailing. In MetroHealth, the Supreme Court of Ohio held that a contribution-plaintiff may seek contribution from a defendant even if the underlying claimant did not comply with the statute of limitations as to the contribution-defendant. Id. at 216. However, it still must be shown that

-4-

the contribution-defendant acted tortiously and thereby caused damages. Id. at 215. Thus, although the Supreme Court of Ohio in MetroHealth obviated the need to show that the contribution-defendant was susceptible to suffer an adverse judgment by the underlying claimant, the contribution-plaintiff must still establish some tortious conduct. Id.

Here, OHIC is not suing Nurse Wadowick as an alleged joint tortfeasor. Rather, it is attempting to sue her liability insurance carrier directly for her alleged liability that has never been established. The settlement agreement certainly cannot establish her liability since she was never a party to the underlying lawsuit nor a signatory to the McKee agreement itself. In fact, the only remark that even refers to her alleged liability is the conclusory allegation in OHIC's complaint that she was, in fact, negligent. However, conclusory allegations are insufficient to overcome a motion to dismiss. Sisk, 868 F.2d at 161. Given this scant information, the Court does not see how it could even begin to allocate liability in this case.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is **GRANTED**, with prejudice.

**IT IS SO ORDERED.**

Date: May 24, 2005                     /s/ John M. Manos
                                        **UNITED STATES DISTRICT JUDGE**